UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALEEN FRASER,<br><br>                      Plaintiff,<br><br>v.<br><br>OMV MEDICAL, INC.,<br><br>                      Defendant. | Case No.: 22cv713-L-MSB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>**[ECF NO. 7]** |

      In this putative class action alleging wages and hours violations of California Labor Code, Defendant moved to compel arbitration. Plaintiff filed an opposition, and Defendant replied. The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, Defendant's motion is denied.

      Defendant offers medical staffing services to hospitals and medical facilities, including the Naval Hospital at Camp Pendleton in San Diego, California. Plaintiff was employed by Defendant as a non-exempt employee for approximately two years. Throughout that time, she was placed at the Naval Hospital as a full-time registered nurse in the emergency room. Plaintiff alleges that Defendant failed to fully compensate her and other employees by requiring them to work while clocked out, failing to properly account for incentive compensation, failing to provide uninterrupted meal and break

1

periods or to properly compensate for work during such periods, and failing to provide complete and accurate itemized wage statements, among other things. (*See* ECF No. 1, pages 9-51, Complaint.)

Plaintiff filed a complaint in the California Superior Court on her own behalf and on behalf of a putative class. Defendant removed the action to this Court alleging that Plaintiff's claims arise out of her employment on a federal enclave. (ECF No. 1, pages 1-7, Notice of Removal at 4 (citing *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1250 (9th Cir. 2006).)[1]

Following removal, Defendant moved pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA"), to compel arbitration based on the arbitration clause included in Plaintiff's offer of employment:

> As a condition of your employment, you agree to submit any all claims against [Defendant] which arise out of or are otherwise related to your employment or the termination of your employment with [Defendant] to binding arbitration before the American Arbitration Association (the "AAA"). [Defendant] likewise agrees to submit any and all claims [Defendant] may have against you which arise out of or are otherwise related to your employment or the termination of your employment with [Defendant] to binding arbitration before the AAA. The arbitration shall be conducted pursuant to the employment arbitration rules of the AAA. The rules (as amended by the AAA and available for review on the internet) will govern any arbitration between you and [Defendant]. A decision and award of the arbitrator shall be conclusive, final, and binding on the parties ... . The arbitrator shall award reasonable attorney's fees and costs to the prevailing party in the arbitration. Each party shall bear an equal share of the arbitrator's expenses and administrative fees of arbitration.

(ECF No. 1-2, Mathieson Decl. Ex. A.)

"The FAA mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Kilgore v.*

---

[1]  Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

*KeyBank N.A.,* 718 F.3d 1052, 1058 (9th Cir. 2013) (emph. in original).  "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000).  "If both conditions are met, the FAA requires the court to enforce the arbitration agreement in accordance with its terms."  *Lim v. TForce Logistics,* 8 F.4th 992, 999 (9th Cir. 2021).

Plaintiff contends that the arbitration agreement in her offer letter is not valid.  Section 2 of the FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

> The final clause of § 2, generally referred to as the savings clause, permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.

*Lim,* 8 F.4th at 999.

"When deciding whether the parties agreed to arbitrate ... courts generally should apply ordinary state-law principles that govern the formation of contracts."  *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).  "Any doubts about ... applicable contract defenses[] are to be resolved in favor of arbitration."  *Tompkins v. 23andMe, Inc.,* 840 F.3d 1016, 1022 (9th Cir. 2016).

Plaintiff argues that the arbitration clause is unconscionable.  Defendant disagrees but, alternatively, offers to waive any unconscionable provisions within the arbitration clause and requests the Court to sever them.  "[T]he party opposing arbitration bears the burden of proving any defense, such as unconscionability."  *Lim*, 8 F.4th at 999; *see also OTO, LLC v. Kho,* 8 Cal. 5th 111, 126 (2019).

To prevail, Plaintiff must show that the arbitration clause is both procedurally and substantively unconscionable.  *See Armendariz v. Found. Health Psychcare Servs., Inc.,*

24 Cal.4th 83, 99 (2000).  The procedural element focuses on "oppression or surprise due to unequal bargaining power," and the substantive element focuses on "overly harsh and one-sided results." *Id.*  A sliding scale is applied, so that the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to find it unenforceable and vice versa. *Id.*  "As with any contract, the unconscionability inquiry requires a court to examine the totality of the agreement's substantive terms as well as the circumstances of its formation to determine whether the overall bargain was unreasonably one-sided." *OTO,* 8 Cal. 5th at 124.  The ultimate issue is "whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." *Id.* at 126.

Procedural unconscionability analysis "begins with an inquiry into whether the contract is one of adhesion." *Armendariz,* 24 Cal.4th at 113.  A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Id.*

> Ordinary contracts of adhesion, although they are indispensable facts of modern life that are generally enforced, contain a degree of procedural unconscionability even without notable surprises, and bear within them the clear danger of oppression and overreaching.  [C]ourts must be particularly attuned to this danger in the employment setting, where economic pressure exerted by employers on all but the most sought-after employees may be particularly acute.

*Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237, 1244 (2016).

Here, the arbitration clause was drafted by Plaintiff's prospective employer and included in the offer letter as a condition of employment.  (Mathieson Decl. Ex. A.)  Although Defendant argues that Plaintiff has not shown any attempt to negotiate the terms of the arbitration clause, "a complaining party need not show it tried to negotiate standardized contract terms to establish procedural unconscionability." *OTO,* 8 Cal.5th at 127.  Moreover, the arbitration clause was a condition of employment, implying that it

was not subject to negotiation. Accordingly, Defendant's arbitration clause was a contract of adhesion containing a sufficient degree of procedural unconscionability to warrant examination of its substantive fairness.

Substantive unconscionability focuses on the fairness of a contract's terms to ensure that contracts, "particularly contracts of adhesion," do not impose terms that are "unreasonably favorable to the more powerful party." *Lim,* 8 F.4th at 1002 (applying Cal. law). Plaintiff argues that the arbitration clause is substantively unconscionable because it imposes on her one half of arbitrator's expenses and administrative fees of arbitration. It also provides that the arbitrator shall award reasonable attorney's fees and costs to the prevailing party. (Mathieson Decl. Ex. A.)

> [W]hen an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court.

*Lim*, 8 F.4th at 1002 (quoting *Armendariz*, 24 Cal. 4th at 110-11). Particularly with regard to unwaivable statutory claims such as Plaintiff is asserting here, including wage claims pursuant to California Labor Code section 1194, the arbitration agreement cannot require the employee to pay any arbitrators' fees or expenses. *Lim,* 8 F.4th at 1003; *Armendariz,* 24 Cal. 4th at 102; *Reyes v. Hearst Comm'ctns, Inc.,* 2022 WL 2235793 (9th Cir. Jun. 22, 2022) (applying Cal. law). Similarly, in a wages and hours action an arbitration agreement cannot include a fee shifting provision contrary to the provisions of California Labor Code sections 1194 and 218.5, which generally preclude an award of attorney's fees to a prevailing employer. *See also Lim,* 8 F.4th at 1003-04, 1006. Accordingly, Defendant's arbitration agreement is sufficiently one-sided in Defendant's favor to be unconscionable.

Defendant argues that the unconscionability is negated because the arbitration clause provides that "[t]he arbitration shall be conducted pursuant to the employment arbitration rules of the AAA. The rules (as amended by the AAA and available for

review on the internet) will govern any arbitration between you and [Defendant]." (Mathieson Decl. Ex. A.)  Defendant points to AAA Rule 1, which provides, "If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules." (ECF No. 7-3, Def.'s Ex. A ("AAA Rules").)  Defendant also points to AAA Rule 39(d), which provides that "[t]he arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law." Finally, they point to the AAA Employment/Workplace Fee Schedule ¶¶1.A. and 2.A., which limit an individual's arbitration filing fee to $300. (ECF No. 7-4, Def.'s Ex. B.)

Lowering the arbitration expenses to make them more affordable does not negate substantive unconscionability. *Lim*, 8 F.4th at 1004 ("[I]mposing arbitration expenses on an employee that he would not otherwise bear in federal court is unconscionable *regardless of his ability to pay.*") (emph. in original).  Further, the AAA Rules "still impose an impermissible risk" on Plaintiff that the arbitrator would not agree with her regarding "any material inconsistency" between the arbitration agreement and the AAA Rules.  *Reyes*, 2022 WL 2235793 *2; *see also Lim,* 8 F.4th at 1002-03, 1006.  Defendant's argument that the reference to the AAA Rules in the arbitration clause negates any unconscionability is therefore unavailing.

Defendant next attempts to avoid unconscionability by offering to waive any unconscionable provisions.  Defendant's "later willingness to alter the arbitration provision does not change the fact that the arbitration agreement as written is unconscionable and contrary to public policy." *Lim*, 8 F.4th at 1004.

> The drafter is saddled with the consequences of the provision as drafted.  If the provision, *as drafted*, would deter potential litigants, then it is unenforceable, regardless of whether, in a particular case, the employer agrees to pay a particular litigant's share of the fees and costs to avoid such a holding.  To conclude otherwise would incentivize drafters to overreach based on the assumption they could simply waive unconscionable terms when faced with litigation.

*Id.* at 1005 (emph. in original).  The cost-splitting and fee-shifting provisions likely would deter potential employee litigants from bringing claims against Defendant. Accordingly, Defendant's offer of waiver does not mitigate the unconscionable provisions.

Finally, Defendant requests the Court to sever the unconscionable provisions from the arbitration clause and enforce the valid provisions.

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Cal. Civ. Code § 1670.5.  "[A]n unconscionable arbitration term should ... not be severed if drafted in bad faith because severing such a term and enforcing the arbitration provision would encourage drafters to overreach."  *Lim,* 8 F.4th at 1006.  Here, severance is not appropriate "given [Defendant's] inclusion of a fee-splitting provision that has been impermissible under *Armendariz* for more than two decades."  *Reyes,* 2022 WL 2235793 *2 (citing *Armendariz,* 24 Cal. 4th at 124 n. 13).

For the foregoing reasons, Defendant's motion to compel arbitration is denied.

**IT SO ORDERED.**

Dated:  February 28, 2023

_____
Hon. M. James Lorenz
United States District Judge