**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALEEN FRASER an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OMV MEDICAL, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:22-cv-0713 L MSB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br>3. FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201, *et seq*.<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff Daleen Fraser ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant OMV Medical, Inc. ("DEFENDANT") is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.     DEFENDANT offers medical staffing and talent solutions.

3.     PLAINTIFF was employed by DEFENDANT in California from March of 2019 to March 25, 2021 and was  at all times classified by DEFENDANT as a non-exempt employee entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.     PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the Original Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").   The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.     PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.

PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Fed. R. Civ. Proc. 17. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

8.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the

control of an employer, including all the time the employee is suffered or permitted to work.  DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they are under DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to be PLAINTIFF's off-duty meal break resulting in PLAINTIFF not being all minimum and overtime wages.  PLAINTIFF is from time to time interrupted by work assignments while clocked out for what should be PLAINTIFF's off-duty meal break and was, therefore, not provided with all minimum and overtime wages.  Specifically, these employees were required to log in and initialize computer systems in order to start keeping track of their time for the workday.  This additional time worked was work performed subject to DEFENDANT's control and for DEFENDANT's benefit.  Consequently, all this time constitutes "hours worked" and is therefore compensable. PLAINTIFF and CALIFORNIA CLASS Members also worked off the clock with respect to time spent undergoing mandatory drug testing or any other testing and/or examination required as a condition of employment. DEFENDANT's policy and practice to not pay employees for compensable work time is evidenced by DEFENDANT's business records.  DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage and overtime wage compensation by working without their time being correctly recorded and without compensation at the applicable rates.  DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9.    State and federal law provides that employees must be paid overtime at one-

1  and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA

2  CLASS Members are compensated at an hourly rate plus incentive pay that is tied to

3  specific elements of an employee's performance.

4        10.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

5  Members' compensation is DEFENDANT's non-discretionary incentive program that

6  paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on

7  their performance for DEFENDANT.  The non-discretionary incentive program provided

8  all employees paid on an hourly basis with incentive compensation when the employees

9  met the various performance goals set by DEFENDANT.  However, when calculating

10 the regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA

11 CLASS Members, DEFENDANT failed to include the incentive compensation as part

12 of the employees' "regular rate of pay" for purposes of calculating overtime pay.

13 Management and supervisors described the incentive program to potential and new

14 employees as part of the compensation package.  As a matter of law, the incentive

15 compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must

16 be included in the "regular rate of pay."  The failure to do so has resulted in a

17 underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA

18 CLASS Members by DEFENDANT.

19       11.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to

20 accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for

21 the actual amount of time these employees worked.  Pursuant to the Industrial Welfare

22 Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other

23 CALIFORNIA CLASS Members for all time worked, meaning the time during which

24 an employee was subject to the control of an employer, including all the time the

25 employee was permitted or suffered to permit this work.  DEFENDANT required these

26 employees to work off the clock without paying them for all the time they were under

27 DEFENDANT's control.  As such, DEFENDANT knew or should have known that

28 PLAINTIFF and the other members of the CALIFORNIA CLASS were under

compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates.  To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

12.     DEFENDANT intentionally and knowingly failed to reimburse and indemnify  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

13.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones and personal home offices for DEFENDANT's benefit.  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones and personal home offices.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of

DEFENDANT.

## JURISDICTION AND VENUE

14.     This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

15.     Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.  Venue is also proper in this district because the complaint was initially filed in the Superior Court of California, County of San Diego, but was later removed by DEFENDANT to this Court.

## THE CALIFORNIA CLASS

16.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

17.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

18.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable provisions of the FLSA, intentionally, knowingly, and

wilfully, engaged in a practice whereby DEFENDANT failed to provide minimum and overtime wages to PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

19.   DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all minimum and overtime wages as required under the FLSA.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

20.   The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

21.   DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., by failing to pay the correct minimum and overtime wages to the PLAINTIFF and the members of the CALIFORNIA CLASS as legally required by the FLSA, and retaining the unpaid minimum and overtime wages to the benefit of DEFENDANT.

22.   This Class Action meets the statutory prerequisites for the maintenance of a Class  Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

FIRST AMENDED CLASS ACTION COMPLAINT

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which underpaid compensation to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

23.    In addition to meeting the statutory prerequisites to a Class Action, this

FIRST AMENDED CLASS ACTION COMPLAINT

action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2) Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent

10

and remedy the conduct declared to constitute unfair competition;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid

11

asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

24.   This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will

not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

25. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

26. PLAINTIFF further brings the Second cause Action on behalf of a

California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

27. DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

28. The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

29. Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

    (a)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

    (b)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

    (c)    Whether DEFENDANT's conduct was willful.

30. DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

    (a)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

31. This Class Action meets the statutory prerequisites for the maintenance of

FIRST AMENDED CLASS ACTION COMPLAINT

a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR

15

SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

32.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the

16

practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation

17

by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

33.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

FIRST AMENDED CLASS ACTION COMPLAINT

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## THE COLLECTIVE CLASS

34.   PLAINTIFF further bring the Third Cause of Action on behalf of a COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 defined as all persons who are or were previously employed by DEFENDANT in California as non-exempt

19

employees (the "COLLECTIVE CLASS") at any time during the period three (3) years prior to the filing of the Original Complaint and ending on the date as determined by the Court (the "COLLECTIVE CLASS PERIOD").

35.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.

36.     DEFENDANT has the legal burden to establish that each and every COLLECTIVE CLASS Member was paid accurately for all minimum and overtime wages as required under the FLSA. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the COLLECTIVE CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every COLLECTIVE CLASS Member is paid as required by law. This common business practice is applicable to each and every COLLECTIVE CLASS Member can be adjudicated on a class-wide basis under the FLSA.

37.     The COLLECTIVE CLASS, is so numerous that joinder of all COLLECTIVE CLASS Members is impracticable. DEFENDANT violated the rights of the COLLECTIVE CLASS under Federal law by:

> (a)     Committing an act in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., by failing to pay the correct minimum and overtime wages to the PLAINTIFF and the members of the COLLECTIVE CLASS as legally required by the FLSA, and retaining the unpaid minimum and overtime wages to the benefit of DEFENDANT.

38.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

> (a)     The persons who comprise the COLLECTIVE CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and

20

1             the Court;

2       (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

3             issues that are raised in this Complaint are common to the

4             COLLECTIVE CLASS will apply to every member of the

5             COLLECTIVE CLASS;

6       (c)    The claims of the representative PLAINTIFF are typical of the

7             claims of each member of the COLLECTIVE CLASS. PLAINTIFF,

8             like all the other members of the COLLECTIVE CLASS, was

9             classified as a non-exempt employee paid on an hourly basis who

10             was subjected to the DEFENDANT's deceptive practice and policy

11             which underpaid compensation to PLAINTIFF and COLLECTIVE

12             CLASS. PLAINTIFF sustained economic injury as a result of

13             DEFENDANT's employment practices. PLAINTIFF and the

14             members of the COLLECTIVE CLASS were and are similarly or

15             identically harmed by the same unlawful, deceptive and unfair

16             misconduct engaged in by DEFENDANT; and,

17       (d)    The representative PLAINTIFF will fairly and adequately represent

18             and protect the interest of the COLLECTIVE CLASS, and has

19             retained counsel who are competent and experienced in Class Action

20             litigation. There are no material conflicts between the claims of the

21             representative PLAINTIFF and the members of the COLLECTIVE

22             CLASS that would make class certification inappropriate. Counsel

23             for the COLLECTIVE CLASS will vigorously assert the claims of

24             all COLLECTIVE CLASS Members.

25     39.    In addition to meeting the statutory prerequisites to a Class Action, this

26 action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2)

27 and/or (3), in that:

28       (a)    Without class certification and determination of declaratory,

FIRST AMENDED CLASS ACTION COMPLAINT

injective, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the COLLECTIVE CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the COLLECTIVE CLASS which would establish incompatible standards of conduct for the parties opposing the COLLECTIVE CLASS; and/or,

2)   Adjudication with respect to individual members of the COLLECTIVE CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the COLLECTIVE CLASS have acted or refused to act on grounds generally applicable to the COLLECTIVE CLASS, making appropriate class-wide relief with respect to the COLLECTIVE CLASS as a whole in that DEFENDANT failed to pay all wages due to  members of the COLLECTIVE CLASS as required by law.

(c)   Common questions of law and fact exist as to the members of the COLLECTIVE CLASS, with respect to the practices and violations of the FLSA as listed above, and predominate over any question affecting only individual COLLECTIVE CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the COLLECTIVE CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount

22

of economic losses sustained by the individual COLLECTIVE CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the COLLECTIVE CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the COLLECTIVE CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual COLLECTIVE CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

40.    This Court should permit this action to be maintained as a Class Action

23

1  pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

2      (a)   The questions of law and fact common to the COLLECTIVE
3           CLASS predominate over any question affecting only individual
4           COLLECTIVE CLASS Members because the DEFENDANT's
5           employment practices are applied with respect to the COLLECTIVE
6           CLASS;

7      (b)   A Class Action is superior to any other available method for the fair
8           and efficient adjudication of the claims of the members of the
9           COLLECTIVE CLASS because in the context of employment
10          litigation a substantial number of individual COLLECTIVE CLASS
11          Members will avoid asserting their rights individually out of fear of
12          retaliation or adverse impact on their employment;

13     (c)   The members of the COLLECTIVE CLASS are so numerous that it
14          is impractical to bring all members of the COLLECTIVE CLASS
15          before the Court;

16     (d)   PLAINTIFF, and the other COLLECTIVE CLASS Members, will
17          not be able to obtain effective and economic legal redress unless the
18          action is maintained as a Class Action;

19     (e)   There is a community of interest in obtaining appropriate legal and
20          equitable relief for the acts of unfair competition, statutory violations
21          and other improprieties, and in obtaining adequate compensation for
22          the damages and injuries which DEFENDANT's actions have
23          inflicted upon the COLLECTIVE CLASS;

24     (f)   There is a community of interest in ensuring that the combined assets
25          of DEFENDANT are sufficient to adequately compensate the
26          members of the COLLECTIVE CLASS for the injuries sustained;

27     (g)   DEFENDANT has acted or refused to act on grounds generally
28          applicable to the COLLECTIVE CLASS, thereby making final class-

24

wide relief appropriate with respect to the COLLECTIVE CLASS as a whole;

(h)    The members of the COLLECTIVE CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the COLLECTIVE CLASS.

41.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

42.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

43.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

44.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

45. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

46. By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

47. By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

48. By the conduct alleged herein, DEFENDANT's practices were also

1  unlawful, unfair and deceptive in that DEFENDANT's employment practices caused

2  PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid

3  during their employment with DEFENDANT.

4      49.    By and through the unlawful and unfair business practices described herein,

5  DEFENDANT has obtained valuable property, money and services from PLAINTIFF

6  and the other members of the CALIFORNIA CLASS, including earned wages for all

7  time worked, and has deprived them of valuable rights and benefits guaranteed by law

8  and contract, all to the detriment of these employees and to the benefit of DEFENDANT

9  so as to allow DEFENDANT to unfairly compete against competitors who comply with

10  the law.

11      50.    All the acts described herein as violations of, among other things, the

12  Industrial Welfare Commission Wage Orders, the California Code of Regulations, and

13  the California Labor Code, were unlawful and in violation of public policy, were

14  immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute

15  unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code

16  §§ 17200, *et seq.*

17      51.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

18  entitled to, and do, seek such relief as may be necessary to restore to them the money and

19  property which DEFENDANT has acquired, or of which PLAINTIFF and the other

20  members of the CALIFORNIA CLASS have been deprived, by means of the above

21  described unlawful and unfair business practices, including earned but unpaid wages for

22  all time worked.

23      52.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

24  further entitled to, and do, seek a declaration that the described business practices are

25  unlawful, unfair and deceptive, and that injunctive relief should be issued restraining

26  DEFENDANT from engaging in any unlawful and unfair business practices in the

27  future.

28      53.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no

FIRST AMENDED CLASS ACTION COMPLAINT

plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

54.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

55.     Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

56.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA

FIRST AMENDED CLASS ACTION COMPLAINT

LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones and personal home offices in order to perform work related job tasks. DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

57.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by herself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### THIRD CAUSE OF ACTION

**Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA")**

**(By PLAINTIFF and the COLLECTIVE CLASS and Against All Defendants)**

58.    PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and

incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

59.    DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

60.    PLAINTIFF further bring the Third Cause of Action on behalf of a

29

COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 defined as all persons who are or were previously employed by DEFENDANT in California as non-exempt employees (the "COLLECTIVE CLASS") at any time during the period three (3) years prior to the filing of the Original Complaint and ending on the date as determined by the Court (the "COLLECTIVE CLASS PERIOD").

61.   29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

62.   29 U.S.C. § 207(a)(1) provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

63.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to minimum wage compensation and overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek. DEFENDANTS' failure to correctly calculate overtime wages as required by federal law was willful and not in good faith.

64.   During the COLLECTIVE CLASS PERIOD, PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

65.   At all relevant times, DEFENDANT required PLAINTIFF and COLLECTIVE CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control. Specifically, these employees were required to log in and initialize computer systems in order to start keeping track of their time for the workday. This additional time worked was work performed subject to DEFENDANT's control and for DEFENDANT's benefit. Consequently, all this time

30

constitutes "hours worked" and is therefore compensable.    PLAINTIFF and COLLECTIVE CLASS Members also worked off the clock with respect to time spent undergoing mandatory drug testing or any other testing and/or examination required as a condition of employment. DEFENDANT's policy and practice to not pay employees for compensable work time is evidenced by DEFENDANT's business records. DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and COLLECTIVE CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and COLLECTIVE CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time.  As a result, PLAINTIFF and other COLLECTIVE CLASS Members forfeit minimum wage and overtime wage compensation by working without their time being correctly recorded and without compensation at the applicable rates. Thus, DEFENDANT failed to pay the PLAINTIFF, and other members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by § 207 of the FLSA, even though the PLAINTIFFS, and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work, overtime hours.

66.    For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout California in all respects material to the claims asserted in this Complaint.

67.    As a result of DEFENDANT's failure to pay the correct minimum wage compensation for minimum wage hours worked and overtime compensation for overtime hours worked, as required by the FLSA,  PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

68.    Therefore, PLAINTIFF demands that she and the members of the COLLECTIVE CLASS be paid the correct overtime compensation as required by the FLSA for every hour of minimum wage and overtime worked plus interest and statutory

1  costs as provided by law.

2

3  ## **PRAYER FOR RELIEF**

4  WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly

5  and severally, as follows:

6  1.  On behalf of the CALIFORNIA CLASS:

7      A)  That the Court certify the First Cause of Action asserted by the

8          CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc.

9          23(b)(2) and/or (3);

10     B)  An order temporarily, preliminarily and permanently enjoining and

11         restraining DEFENDANT from engaging in similar unlawful conduct as set

12         forth herein;

13     C)  An order requiring DEFENDANT to pay all wages and all sums unlawfuly

14         withheld from compensation due to PLAINTIFF and the other members of

15         the CALIFORNIA CLASS; and,

16     D)  Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

17         fund for restitution of the sums incidental to DEFENDANT's violations

18         due to PLAINTIFF and to the other members of the CALIFORNIA

19         CLASS.

20  2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

21     A)  That the Court certify the Second Cause of Action asserted by the

22         CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R.

23         Civ. Proc. 23(b)(2) and/or (3);

24     B)  The amount of the expenses PLAINTIFF and each member of the

25         CALIFORNIA LABOR SUBCLASS incurred in the course of their job

26         duties, plus interest, and costs of suit.

27  3.  On behalf of the COLLECTIVE CLASS:

28     A)  That the Court certify the Third Cause of Action asserted by the

COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

B)  Issue a declaratory finding that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act; and

C)  That the PLAINTIFF and the COLLECTIVE CLASS members recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

4.  On all claims:

A)  An award of interest, including prejudgment interest at the legal rate;

B)  Such other and further relief as the Court deems just and equitable; and,

C)  An award of penalties, attorneys' fees and cost of suit, as allowable under the law.

Dated: October 23, 2022        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP


By:    /s/ Nicholas De Blouw
       Nicholas J. De Blouw
       Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2    PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated: October 23, 2023            BLUMENTHAL NORDREHAUG BHOWMIK DE

5                                      BLOUW LLP

6

                                       By:    /s/ Nicholas De Blouw

7                                             Nicholas J. De Blouw
                                              Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT